UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASSANDRA MCCOY | * | CASE NO. |
| | * | |
| versus | * | JUDGE |
| | * | |
| BEST BUY STORES, L.P. | * | MAGISTRATE |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>NOTICE OF REMOVAL</u>**

**NOW INTO COURT**, through undersigned counsel comes defendant Best Buy Stores, L.P., (hereinafter "Best Buy"), who hereby request this Honorable Court to remove that certain matter styled "Cassandra McCoy vs. Best Buy Stores, L.P." from the docket of the 1st Judicial District Court in and for the Parish of Caddo, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Western District of Louisiana, on the following grounds, to-wit:

1.

On or about September 30, 2021 plaintiff filed a petition for damages against named defendant Best Buy. Plaintiff Cassandra McCoy alleged that she received personal injuries as a result of falling merchandise on or about November 26, 2021 at a Best Buy store location in Shreveport, Louisiana.

2.

In the petition plaintiff alleges she is a resident and domiciled in the Parish of DeSoto, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

1

3.

Defendant Best Buy Stores, L.P., is a Virginia limited partnership with its principle place of business located in the State of Minnesota. It has two partners: BBC Property Co., and BBC Investment Co. BBC Property Co. is a corporation organized under the laws of the State of Minnesota with its principle place of business located in the State of Minnesota. BBC Investment Company is a corporation formed under the laws of the State of Nevada with its principle place of business located in the State of Minnesota.

Therefore, Best Buy Stores, L.P. is a citizen of and domiciled in the States of Virginia, Minnesota and Nevada. It was served with the Petition for Damages through its registered agent for service of process on October 13, 2021.

4.

Plaintiff, Cassandra McCoy, and defendant, Best Buy Stores, L.P. are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PRUSUANT TO 28 U.S.C. § 1332.**

5.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- citizens of different States."

**A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages in which the plaintiff was seeking in the state court proceeding, i.e., the amount in controversy.  The petition only made generic allegations of damages that Cassandra McCoy sustained injuries to her body, including but not limited to head, neck, as well as bruises, contusion and other injuries to other parts of the body. She has alleged that her damages include past medical expenses; future medical expenses; past and future physical pain and suffering; past and future mental and emotional anguish; past and future disability; past and future loss of enjoyment of life; and other such damages as may be proven at the trial of this matter. The petition further alleged that plaintiff's claims based on these injuries were in excess of $50,000 in damages, exclusive of interest and costs.  But there was no reference to any specific injuries or whether the amount in dispute in this litigation exceeded the amount of $75,000 exclusive of interest and costs.

7.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. Since the filing of the petition for damages, and within the last 30 days, Best Buy has received "other paper(s)" which evidence that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. Best Buy is informed and believes that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

8.

The "other papers" received by the defendant Best Buy consisted of responses of plaintiff to Interrogatories and Request for Production of Documents.

9.

Plaintiff's discovery responses were not sent out to Defendant until March 10, 2022 and were not received by Best Buy until March 14, 2022.  In same, plaintiff submitted the medical bills incurred by her were a damage for which she was seeking recovery. Instead of itemizing the known medical specials when asked to identify the amount of same; she stated to "See attached medicals". A review of some of the documentation produced by her in response to the Requests for Production of Documents notes that the medical bills she incurred which are allegedly related to treatment for the injuries sustained in the incident in question total over $209,000.

10.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000 "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).  Additionally, in determining whether the amount in controversy exceeds $75,000, a defendant when removing a case can use both the initial filings of plaintiff as well as additional evidence that the defendant develops

independently to establish removal eligibility. *Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 759 (11th Cir. 2010).* Here, it was not facially apparent from the petition that the claim likely exceeded $75,000. However, on March 14, 2022 Best Buy received from plaintiff conclusive information via responses to written discovery that the amount in controversy exceeds $75,000 exclusive of interest and costs. The Responses to the written discovery constitute "other papers" from when it first may be ascertained that the above caption matter is removable and which were developed independently to establish removal eligibility.

11.

Moreover, the petition fails to provide a general allegation that the claim is less than the amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages under La. C.C.P. art. 893. The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Best Buy is informed and believes that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs as her alleged medical treatment related to same far exceeds this amount.

12.

While Best Buy admits no liability, nor any element of damages, Best Buy has met its burden of showing that the amount in controversy for Cassandra McCoy's claims are in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs. The response to the Interrogatories and Request for Production of Documents, combined with the medical records of treatment of plaintiff, all received within the last 30 days,

clearly establish plaintiff will seek damages sufficient to compensate her for damages well over $75,000.00 exclusive of interest and costs.

**B.     COMPLETE DIVERSITY**

13.

As noted above, Defendant Best Buy Stores, L.P. is a foreign limited partnership organized under the laws of the State of Virginia, with its principal place of business in Minnesota. It has two partners, BBC Property Co., and BBC Investment Co. BBC Property Co. is a corporation organized under the laws of the State of Minnesota with its principle place of business located in the State of Minnesota.  BBC Investment Company is a corporation formed under the laws of the State of Nevada with its principle place of business located in the State of Minnesota.

Therefore, Best Buy Stores, L.P. is a citizen of and domiciled in the States of Virginia, Minnesota and Nevada.

14.

Plaintiff alleges she is a resident and domiciliary of the Parish of DeSoto, State of Louisiana.  Therefore, plaintiff is a citizen of the State of Louisiana.

15.

Accordingly, there is complete diversity of citizenship between the plaintiff and defendant Best Buy.

16.

Therefore, this is a civil action over which the United States District Court for the Western District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse properly joined parties.

II.  **DEFENDANT HAS STATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

17.

Defendant Best Buy Stores, L.P., was served with the Petition for Damages through its registered agent for service of process on October 13, 2021. It was not readily ascertainable from the petition for damages whether the matter was removable at that time. The original petition only made general allegations of damages without information as to medical expenses, treatment rendered, and/or diagnosed conditions. Those generic allegations did not allow for removal at the time of service of same upon defendant.

18.

The "other papers" received by the defendants consisted of plaintiff's Response to written discovery, received within the last 30 days, around March 14, 2022. Therefore, this Notice of Removal is being filed within thirty (30) days after first receipt by defendant of a copy of another paper/pleading from which it may first be ascertained that the case is one which is or has become removable. This notice of removal is further being filed within one year of commencement of the

action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) (3) and 28 U.S.C. § 1446(c).

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

20.

The 1st Judicial District Court for the Parish of Caddo, State of Louisiana, is located within the Western District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

21.

No previous application has been made by defendant in this case for the relief requested herein.

22.

Defendant wishes to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Western District of Louisiana. The claims that plaintiff, Cassandra McCoy, now asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. Therefore, the claims which plaintiff, Cassandra McCoy, have asserted in the state court

proceeding fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Western District of Louisiana.  See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

23.

Pursuant to 28 U.S.C. § 1446(a), a copy of the all pleadings filed in the state court proceeding are attached as exhibits.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Cassandra McCoy, and a copy is being filed with the Clerk of Court for the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

24.

Best Buy Stores, L.P., respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Western District of Louisiana, effecting a removal of that certain matter styled, "Cassandra McCoy versus Best Buy Stores, L.P." suit number 632941, from the docket of the 1st Judicial District Court in and for the Parish of Caddo, State of Louisiana.

25.

Defendant Best Buy Stores, L.P., is entitled to and hereby requests **trial by jury** of all issues herein.

WHEREFORE, defendant, Best Buy, hereby removes this action from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, to the docket of the United States District Court for the Western District of Louisiana.

Respectfully Submitted:
**LAWRENCE, KNIGHT & CURLIN**

By:   **/s/John S. Lawrence, Jr.**
John S. Lawrence, Jr. a P.L.C. (#19678)
David P. Curlin (#20771)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446
John@lawrence-knight.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Stephen T. Gordon attorney for plaintiff.

    **/s/John S. Lawrence, Jr.**